**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

WILLIAM U. JENKINS,           )
                              )
    Plaintiff,            )
                              )
v.                            )   Civil Action No. 3:07CV072-HEH
                              )
KING GEORGE COUNTY            )
PUBLIC SCHOOLS, et. al.,      )
                              )
    Defendants.           )

**MEMORANDUM OPINION**
**(Granting Defendants' Motion to Dismiss)**

This matter is before the Court on Defendants' Motion to Dimiss filed on March 7, 2007. Both parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will grant Defendants' motion.

**I.  Background**

Plaintiff William U. Jenkins was employed by the King George County School Board as the Supervisor of Maintenance. This action arises from Plaintiff being demoted from that position. In March 2006, Plaintiff's wife, who also worked for the School Board, admitted to stealing money from school vending machines. As a result, Plaintiff was put on administrative leave effective April 3, 2006.

Plaintiff alleges that the School Board published statements in the media "about the charges made against plaintiff's wife and that plaintiff was placed on indefinite administrative leave because of his wife's alleged wrongful acts." (Compl. ¶ 29.) Plaintiff also claims that,

"based upon the allegations that defendants made against plaintiff's wife, and defendants' publications that plaintiff was involved and knowledgeable of the same, defendants demoted plaintiff from his position of Supervisor of Maintenance and placed him on restrictions regarding plaintiff's use of necessary property to perform his duties, effective on or about June, 2006." According to Plaintiff, the demotion included a reduction in pay of almost $10,000 per year.

As a result of the School Board's allegedly false publications and his demotion and pay reduction, Plaintiff brought this action against Defendants King George County Public Schools and Candace F. Brown, the Division Superintendent of the School Board.[1] Based on the false publications, Plaintiff claims defamation per se and a deprivation of his liberty interest under the Due Process Clause of the Constitution of the United States. Based on the administrative leave, demotion, and pay reduction, Plaintiff claims breach of contract and a deprivation of his property interest under the Due Process Clause. Defendants filed the present motion to dismiss for failure to state a claim upon which relief can be granted.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Generally, dismissals under Rule 12(b)(6) are disfavored by the courts because of their res judicata effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471

---

[1] Defendants argue, and Plaintiff concedes, that the proper party defendant is King George County School Board, and not King George County Public Schools. Ordinarily, the Court would allow Plaintiff to amend the Complaint, however, given the Court's decision to dismiss the case, the issue is moot.

(4th Cir. 1991). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Martin*, 980 F.2d at 952 (internal quotations omitted). The Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Id.*

### III. Analysis

In Count I, Plaintiff asserts a violation of his liberty interest. "[I]n order to claim entitlement to the protections of the due process clause . . . a plaintiff must first show that he has a constitutionally protected 'liberty' or 'property' interest, and that he has been 'deprived' of that protected interest by some form of 'state action.'" *Johnson v. Morris*, 903 F.2d 996, 999 (4th Cir. 1990) (internal quotations omitted). The Fourth Circuit has recognized that "a liberty interest is implicated by public announcement of reasons for an employee's discharge." *Id.* That interest has been defined as "'that of being free from arbitrary restrictions upon the opportunity for gainful employment stemming from the reasons voluntarily given by government for lawfully terminating . . . at-will public employment.'" *Id.* (quoting *Boston v. Webb*, 783 F.2d 1163, 1155 (4th Cir. 1986)).

In the present case, however, Plaintiff was not discharged, actually or constructively, but rather he remains employed. Neither Plaintiff's suspension nor his demotion constitutes an actionable deprivation of a liberty interest. *See id.* ("[W]hen a [plaintiff] is suspended but not discharged he 'cannot complain that he has been made unemployable; he remains employed.'" (quoting *Hershinow v. Bonamarte*, 735 F.2d 264, 266 (7th Cir. 1984))). Count I will therefore be dismissed.

In Count II, Plaintiff asserts a violation of his property interest in his continued employment in the position of Maintenance Supervisor. "[W]hen a public employee has a legitimate claim of entitlement to continued employment, there exists a property interest in the employment that is protected by the due process clause of the fourteenth amendment." *Bradley v. Colonial Mental Health & Ret. Servs.*, 856 F.2d 703, 707 (4th Cir. 1988). "Such a property interest . . . must be identified and its contours defined by reference to a source independent of the constitution." *Id.* "A property interest may be created by statute, by written contract guaranteeing a fixed term of employment, or by rules and mutually explicit understandings that support a claim of entitlement." *Id.* at 707 n.9 (citations omitted). "From whichever source a property interest is alleged to arise, . . . 'the sufficiency of the claim of entitlement must be decided by reference to state law.'" *Id.* (quoting *Bishop v. Wood*, 426 U.S. 341, 344, 96 S. Ct. 2074, 2077 (1976)).

Plaintiff alleges that he "was not an 'at-will' employee but a permanent tenured employee" and that "Defendants' employee policies and customs had assured plaintiff of his continued performance and pay in the position of Supervisor of Maintenance so long as no good cause existed to remove or terminate him from this position." (Compl. ¶¶ 42–43.) Plaintiff, however, cites no specific state law, ordinance, contract provision, policy, or rule to support his position. General policies and customs are not sufficient absent a "statute, . . . written contract . . ., or . . . mutually explicit understanding," which Plaintiff has failed to allege. Count II will therefore be dismissed.

Pursuant to 28 U.S.C. § 1367(c)(3), the Court will decline to exercise supplemental jurisdiction over the remaining state law claims—defamation per se and breach of contract.

4

Accordingly, those claims will be dismissed without prejudice.

## IV. Conclusion

For the reasons stated above, Defendant's motion is granted.

An appropriate Order will accompany this Memorandum Opinion.

                                                        /s/
                                         Henry E. Hudson
                                         United States District Judge

ENTERED this   6th   day of   April 2007  .
Richmond, VA